IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENYON INTERNATIONAL EMERGENCY SERVICES, INC., Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-09-3577 |
| AIRLINE TRAINING ASSOCIATES LIMITED, *et al.*, Defendants. | § § § § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss for Failure to State a Claim ("Motion") [Doc. # 9] filed by Defendant Airline Training Associates Limited d/b/a Blake Emergency Services ("Blake"), to which Plaintiff Kenyon International Emergency Services, Inc. ("Kenyon") filed a Response [Doc. # 15]. Blake neither filed a Reply nor requested additional time to do so. Having reviewed the full record, including the Original Complaint [Doc. # 1], and applied governing legal authorities, the Court **denies** the Motion.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken

as true.  *Id.*  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1927, 1949 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.

Kenyon alleges that it has a long history of providing disaster and mass-casualty response, and that its extensive history and experience give it a significant advantage over its competitors.  Blake is one of those competitors.

Kenyon alleges that Defendant Charles Dale Smith, Jr., a former employee, now serves as Blake's vice-president.  Kenyon alleges that Smith and other former employees have disclosed Kenyon's trade secrets and other proprietary information to Blake, and that Blake is improperly using that information to misrepresent Blake's experience and the quality of Blake's services.  For example, Kenyon alleges that Blake's website misrepresents that Blake performed certain disaster response work actually performed by Kenyon.  Kenyon also alleges that Blake has solicited business using a PowerPoint presentation containing photographs belonging to and copyrighted by Kenyon.  Based on the factual allegations against Blake, Kenyon asserts causes of action for violation of the Lanham Act, unfair competition, misappropriation,

misappropriation of goodwill, misappropriation of trade secrets, tortious interference with prospective business relationships, and civil conspiracy.[1]

In the Motion, Blake asserts generally that Kenyon fails to allege facts to support its causes of action. Blake fails to identify a single element of any cause of action that is inadequately pled. Instead, Blake asserts that there is no contract between Blake and Kenyon, and that Blake and Kenyon are competitors. Blake fails, however, to identify any cause of action asserted against it that requires a contractual relationship between Blake and Kenyon. Similarly, Blake has not identified any cause of action to which the competitive nature of its relationship with Kenyon is fatal. The Court finds that Kenyon has adequately asserted its claims for relief and, consequently, it is hereby

**ORDERED** that Blake's Motion to Dismiss for Failure to State a Claim [Doc. # 9] is **DENIED**.

SIGNED at Houston, Texas, this **12th** day of **February, 2010**.

_____
Nancy F. Atlas
United States District Judge

---

[1] Kenyon also asserts a breach of contract claim against co-Defendant Smith.